UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

Plaintiff,

v.

JOHN HENRY BROWNE, et al.,

Defendants.

CASE NO. 3:18-cv-05166-RBL-TLF

REPORT AND RECOMMENDATION

Noting Date: July 20, 2018

This matter is before the Court on plaintiff's filing of an application to proceed in forma pauperis (Dkt. 4), a proposed civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1-1), and a motion to amend that complaint (Dkt. 5). In light of the deficiencies in the complaint and that it appears plaintiff is unable to cure those deficiencies, the undersigned recommends the Court deny both the application to proceed in forma pauperis and motion to amend the complaint and dismiss the complaint.[1]

---

[1] Plaintiff has filed in the Ninth Circuit Court of Appeals an "Appeal Against a Refusal to Adjudicate – Illegal Unfeasance." Dkt. 7. Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755

REPORT AND RECOMMENDATION - 1

## DISCUSSION

In his complaint, plaintiff alleges that each of the named defendants actively colluded to convict him of a crime he states he did not commit. Dkt. 1-1, p. 3. Of the many claims he makes, plaintiff asserts: the crime – a domestic violence incident – was staged; his arrest was made without a warrant; his personal identification was stolen; evidence was fabricated; he was coerced into having a non-jury trial; the trial judge was biased; and there were over "50 counts" of prosecutorial misconduct, including perjury. *Id.* at p. 7. Plaintiff states he is "NOT suing for deliverance from unlawful imprisonment," but rather for restitution of nearly $27 billion in intellectual property assets and business opportunities he claims he has lost as a result of his unlawful prosecution. *Id.* at pp. 3, 8.

The Prison Litigation Reform Act ("PLRA") requires district courts to screen lawsuits filed by prisoners, and dismiss them sua sponte if the actions are frivolous or fail to state a claim on which relief may be granted. *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). Leave to proceed in forma pauperis thus is properly granted when: (1) the prisoner "has demonstrated his poverty"; and (2) "his complaint states a claim for which relief can be granted and is not frivolous or malicious." *Reyes-Vanegas v. EEOC*, 2007 WL 2019561, at *1 (N.D. Cal. July 9, 2007) (citing 28 U.S.C. § 1915(a), (d)).

The district court, therefore, "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). A complaint is

---

(9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982).  However, when a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). This is the case here.

1  frivolous when it has no arguable basis in law or fact. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.
2  1996). A complaint fails to state a claim on which relief may be granted if it lacks a cognizable
3  legal theory or fails to allege sufficient facts under a cognizable legal theory. *Mason v. Sullivan*,
4  2008 WL 361027, at **1 (9th Cir. Feb. 11, 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901
5  F.2d 696, 699 (9th Cir.1990), *as amended*).

6      A complaint also may be dismissed for failure to state a claim where a defense to its
7  claims "is complete and obvious from the face of the pleadings or the court's own records."
8  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984) (citing 2A *Moore's Federal*
9  *Practice* ¶ 12.08 ("complaint may be dismissed for failure to state a claim if it discloses some
10 fact which will necessarily defeat the claim")).

11     Before the district court may dismiss the complaint as frivolous or for failure to state a
12 claim, the prisoner generally must be provided "with notice of the deficiencies of his or her
13 complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*,
14 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted, however, "where the
15 amendment would be futile or where the amended complaint would be subject to dismissal."
16 *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

17     As noted, plaintiff accuses each of the named defendants of having colluded to obtain an
18 illegal criminal judgment against him. Dkt. 1-1, pp. 3, 7. Habeas corpus "is the exclusive remedy
19 for a state prisoner who challenges the fact or duration of his confinement and seeks immediate
20 or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Neal v. Shimoda*, 131 F.3d
21 818, 824 (9th Cir. 1997). Plaintiff states he is not seeking release from confinement, but instead
22 compensatory damages for defendants' alleged wrongdoing. Dkt. 1-1, pp. 3, 8. However, as the
23 Supreme Court has explained:

24

> *[I]n order to recover damages* for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (emphasis added).

A Section 1983 claim, therefore, which relates to a conviction or sentence and which "has *not* been so invalidated, is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in the original). In addition:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in the original).

Here, plaintiff has not demonstrated that the allegedly fraudulent conviction has been invalidated. Although it appears that plaintiff had one aspect of his conviction vacated on direct appeal, *see State v. Smith*, 196 Wn. App. 224 (2016), that decision was subsequently reversed by the Washington State Supreme Court, *see State v. Smith*, 189 Wn.2d 655 (2017). Plaintiff has a petition for habeas corpus relief pending before another judge of this same Court concerning the conviction at issue in his proposed civil rights complaint, but that petition has not yet been fully adjudicated. *Smith v. Haynes*, 3:17-cv-06019-BHS-DWC. In addition, the undersigned recently

1 recommended that another habeas petition plaintiff filed regarding the same conviction be denied
2 as second or successive. *See Smith v. Haynes*, 3:18-cv-05061-BHS-TLF, Dkt. 46.

3       Plaintiff's claims of fraud and illegality also clearly go directly to the issue of the validity
4 of his conviction. Were the Court to consider those claims, the legal review would necessarily
5 involve the question of whether his conviction was constitutional. Plaintiff's claims, therefore,
6 may be considered only in a habeas corpus proceeding – such as that which is already pending in
7 this Court. Under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), therefore, this case should be
8 dismissed. Nor does the motion to amend plaintiff has filed cure this deficiency. *See* Dkts. 5, 5-1.
9 It merely adds additional defendants and another claim. *Id.*

10       Because the whole premise of plaintiff's claim for relief relies on the Court determining
11 that his conviction was fraudulent, he cannot provide an amended complaint that would remedy
12 this deficiency. And because of this the Court is unable to grant the relief he requests. For these
13 reasons, the undersigned recommends denying the application to proceed *in forma pauperis* and
14 the motion to amend, and dismissing this action without leave to amend.

15       The PLRA provides a plaintiff "three strikes" when applying for *in forma pauperis* status.
16 That is, if a plaintiff files three or more complaints and each is dismissed "on the grounds that it
17 is frivolous, malicious, or fails to state a claim upon which relief can be granted," the plaintiff
18 may no longer acquire *in forma pauperis* status absent a showing of imminent danger of serious
19 physical injury. 28 U.S.C. § 1915. While not all claims dismissed under *Heck* "categorically
20 count" as failures to state a claim or as frivolous or malicious claims, such dismissals may count
21 as strikes if "the pleadings present an 'obvious bar to securing relief' under *Heck*." *Washington*
22 *v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1055-56 (9th Cir. 2016).

23
24

1   Plaintiff's complaint fails to state a claim upon which relief may be granted, and it is
2   frivolous and/or malicious. In addition to being frivolous by having no arguable basis in law or
3   fact, *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996), a complaint may be malicious if it is filed
4   in bad faith, suggests an intent to vex defendants, or appears to be an abuse of the judicial
5   process from filing repetitive litigation. *See*, *e.g.*, *Young Yil Jo v. Six Unknown Named Agents*,
6   2006 WL 3483429, at *1 (E.D. Cal. Dec. 1, 2006). This action is one of seven Section 1983
7   complaints plaintiff has filed concerning his underlying conviction.[2] For at least two of those
8   suits, the Court has recommended dismissal on the same basis as in this case.[3] In addition,
9   plaintiff has filed four other civil proceedings challenging the same conviction, including the two
10  habeas petitions noted above.[4]

11   Because Plaintiff has filed so many overlapping pleadings, and appears to be trying to
12  gain relief by overwhelming the Court and the Clerk's office, the undersigned finds plaintiff's
13  complaint in this matter to be frivolous and/or malicious, and therefore also finds that it should
14  be dismissed as a strike. Indeed, in recommending one of plaintiff's habeas corpus petitions be
15  denied as second and successive, the undersigned expressly noted the more than twenty motions
16  and other filings plaintiff had submitted in that case – and another more than thirty similar filings
17  he had submitted in regard to his initial habeas petition – all of which essentially assert the same
18  allegations regarding his conviction.[5]  Plaintiff should be warned that future repetitious pleadings
19  may be found frivolous and/or malicious as well.

---

[2] *See* 3:18-c-5144-RBL-JRC; 3:18-cv-05191-RJB-TLF; 3:18-cv-05211-BHS; 318-cv-05221-RJB-JRC; 3:18-cv-05224-RBL-TLF; 3:18-cv-05225-RBL-DWC.

[3] *See* 3:18-cv-05191-RJB-TLF; 3:18-cv-05211-BHS.

[4] 3:17-cv-06019-BHS-DWC; 3:18-cv-05061-BHS-TLF ; 3:18-cv-05192-RBL-DWC (mandamus); 3:18-cv-05194-RBL-DWC (mandamus).

[5] *See Smith v. Haynes*, 3:18-cv-05061-BHS-TLF, Dkt. 46.

CONCLUSION

It is clear a finding in plaintiff's favor would necessarily invalidate his underlying conviction. Further, there is no conceivable amendment that would remedy the deficiency. Therefore, the undersigned recommends that plaintiff's application to proceed *in forma pauperis* (Dkt. 4) and motion to amend (Dkt. 5) be DENIED, and that the proposed complaint (Dkt. 1-1) be dismissed without leave to amend. The undersigned further recommends the Court find this action to be frivolous and/or malicious and treat the dismissal as a strike.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("FRCP") 72(b), the parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by FRCP 72(b), the clerk is directed to set the matter for consideration on **July 20, 2018**, as noted in the caption.

Dated this 2nd day of July, 2018.

Theresa L. Fricke
United States Magistrate Judge